ORIGINAL

Approved: _Justin Rodriguez_
JUSTIN V. RODRIGUEZ
Assistant United States Attorney

**17 MAG 1209**

Before:    THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

FEB 16 2017

U.S. DISTRICT COURT
FILED
S.D. OF N.Y.

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :   **SEALED COMPLAINT** DOC #____ ____

         - v. -                   :   Violation of
                                      18 U.S.C. §§ 922(k) &
JOHN MORENO,                      :   924(a)(1)(B)

              Defendant.          :   COUNTY OF OFFENSE:
                                      BRONX

- - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

         JAMA JOSEPH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

         1.   On or about January 30, 2017, in the Southern District of New York, JOHN MORENO, the defendant, did knowingly possess a firearm which has had the importer's or manufacturer's serial number removed, obliterated, and altered and which had been shipped and transported in interstate and foreign commerce, to wit, MORENO possessed a .380 auto caliber, semi-automatic, Taurus model PT738 TCP pistol with an obliterated serial number in his white Hyundai Sonata in the vicinity of East 145th Street between Brooke Avenue and St. Ann's Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 922(k) & 924(a)(1)(B).)

         The bases for my knowledge and for the foregoing charge are, in part, as follows:

         2.   I am a Detective assigned to the Firearms Suppression Section of the NYPD and I have been personally involved in the investigation of this matter. This affidavit is

based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports, records, and video footage. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.    Based on my conversations with two NYPD officers ("Officer 1", "Officer 2," and, collectively, the "Officers") with the Bronx Anti-Crime Unit, who participated in the arrest of JOHN MORENO, the defendant, as well as my review of reports related to the arrest of MORENO, I have learned, among other things, the following:

a.    On or about January 30, 2017, the Officers were driving in the vicinity of East 145th Street between Brooke Avenue and St. Ann's Avenue in the Bronx, New York in an unmarked police vehicle, and were dressed in plainclothes. The Officers were patrolling the area together with other members of the NYPD, who were in another unmarked police vehicle.

b.    While driving on East 145th Street, the Officers observed a double-parked white Hyundai Sonata (the "Vehicle"). The Officers flashed their lights and approached the Vehicle.

c.    The Officers observed a person, who was later identified as MORENO, in the driver's seat of the Vehicle. MORENO was asked to provide a driver's license and registration for the Vehicle. MORENO provided a Pennsylvania driver's license but did not provide registration information for the Vehicle.

d.    A check of law enforcement databases revealed that MORENO was wanted by the NYPD on an outstanding warrant for theft of services.

e.    MORENO was arrested pursuant to the outstanding warrant and transported to the 40th Precinct. In addition, the Vehicle was taken to the 40th Precinct to be impounded and vouchered.

2

f.   At the 40th Precinct, Officer-1 and other members of the NYPD conducted an inventory search of the Vehicle.  While conducting the inventory search, Officer-1 observed a handgun (the "Handgun") in a holster in a front console above the gearshift of the Vehicle.

g.   When Officer-1 observed the Handgun, the inventory search of the Vehicle was suspended and an NYPD Evidence Collection Team ("ECT") was called. An ECT later arrived at the Vehicle and collected the Handgun, which Officer-1 subsequently vouchered.

4.   Based on my review of the NYPD Property Clerk's Invoice for the Handgun and an NYPD Firearms Analysis Section Laboratory Report, I have learned, among other things, the following:

a.   The Handgun is .380 auto caliber, semi-automatic, Taurus model PT738 TCP pistol.

b.   Six (6) .380 caliber cartridges were vouchered with the Handgun.

c.   The Handgun has a defaced serial number.

d.   The Handgun was test-fired and was determined to be operable.

5.   As part of my investigation, I have reviewed a video recording of a statement that JOHN MORENO, the defendant, made to two NYPD Detectives on or about January 30, 2017. MORENO was read his Miranda rights by an NYPD Detective and waived these rights prior to making the statement, as is reflected in the video. In the video statement, MORENO states, in sum and substance, among other things, that:

a.   He purchased the Handgun, which he described as a .380 Taurus, in Pennsylvania.

b.   He put the Handgun in the Vehicle about one or two months before his arrest.

c.   His uncle scraped the serial number off the Handgun.

6.   Based on communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is

3

familiar with the manufacturing of firearms, I have learned the Handgun was not manufactured in the state of New York.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JOHN MORENO, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

DETECTIVE JAMA JOSEPH
New York City Police Department

Sworn to before me this
16th day of February, 2017

THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4